AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of New York | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>William Bazemore | | | Docket or Case No.:<br>1:19-cr-00006-AT-1 |
| Place of Confinement:<br>FCI-Hazelton | | Prisoner No.:<br>86611-054 | |
| UNITED STATES OF AMERICA<br><br>V. | | Movant *(include name under which convicted)*<br>William Bazemore | |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   U.S. District Court
   Southern District of New York (Foley Square)

   (b) Criminal docket or case number (if you know): 1:19-cr-00006-AT-1

2. (a) Date of the judgment of conviction (if you know): 7/19/2021

   (b) Date of sentencing: 7/19/2021

3. Length of sentence: 327 Months.

4. Nature of crime (all counts):
   William Bazemore (1), Count(s) 1, 2, 3, 5, 6, Dismissed; Pleaded guilty to Count(s) 4, Imprisonment for a total term of 327 Months. Supervised release for a term of Five Years.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☑     No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9. If you did appeal, answer the following:

(a) Name of court:   Second Circuit Court of Appeals

(b) Docket or case number (if you know):  21-1779

(c) Result:  Denied

(d) Date of result (if you know):  5/17/2023

(e) Citation to the case (if you know):   Unknown at this time

(f) Grounds raised:
See attachments

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑     No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): 23-5445

(2) Result: Denied

(3) Date of result (if you know): 10/10/2023

(4) Citation to the case (if you know):  Unknown at this time

(5) Grounds raised:
same as on appeal

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:
(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: _____

(2)  Docket of case number (if you know): _____

(3)  Date of filing (if you know): _____

(4)  Nature of the proceeding: _____

(5)  Grounds raised:

_____

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7)  Result: _____

(8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:        Yes ☐        No ☐

(2)  Second petition:        Yes ☐        No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See attachments

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attachments

    **(b) Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            Yes ✔     No ☐

        (2) If you did not raise this issue in your direct appeal, explain why:

    These issue are better address in a section 2255 motion

    **(c) Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

            Yes ☐     No ✔

        (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?

            Yes ☐     No ☐

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):      _____

Date of the court's decision:      _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  See attachments

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

see attachments

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☑

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

These issue are better address in a section 2255 motion

---

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

---

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

---

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

---

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

---

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** See attachments

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See attachments

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:
These issue are better address in a section 2255 motion

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):    _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**    See attachments

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attachments

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☑

(2)   If you did not raise this issue in your direct appeal, explain why:

These issue are better address in a section 2255 motion

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.  Is there any ground in this motion that you have **not** previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

These issue are better address in a section 2255 motion

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  .   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Alberto A. Ebanks

(b) At the arraignment and plea:

Paul David Petrus, JR

(c) At the trial:

N/A

(d) At sentencing:

Meredith Heller

(e) On appeal:

Curtis Brett Leitner, Esq.,

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☑

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Yes section 2255 filed timely under 2255(f)(1)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

   (1)    the date on which the judgment of conviction became final;

   (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

   (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
Vacate conviction and sentence

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on         10/3/2024 .

(month, date, year)

Executed (signed) on        10/3/2024      (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.
Signed and mailed by paralegal. Because of lockdowns with the assistance of the paralegal motion would be untimely. Mr. Bazemore was given a copy and advise to sign it and also file it with. Which should be timely under the mailbos rule.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

## UNITED STATES OF AMERICA,

v.                    Case No.: 1:19-cr-00006-AT-1

## WILLIAM BAZEMORE,
**Defendant.**

---

# MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Defendant William Bazemore, pro-se respectfully moves this Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 on the grounds that his conviction and sentence were obtained in violation of his constitutional rights. In support of this motion, Defendant states as follows:

## I. INTRODUCTION AND STATEMENT OF THE CASE

Defendant William Bazemore was charged in the Southern District of New York in Case No. 1:19-cr-00006-AT-1. On January 3, 2019, an indictment was filed against Mr. Bazemore, charging him with multiple counts, including sex trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591, racketeering

1

conspiracy, conspiracy to distribute narcotics, and other related offenses. The case was assigned to Judge Analisa Torres.

Throughout the course of the case, Mr. Bazemore was represented by several attorneys, including Alberto A. Ebanks, Bennett M. Epstein, Ken Womble, Meredith Stacy Heller, and Anthony Cecutti, some of whom were retained while others were appointed under the Criminal Justice Act. On October 28, 2019, Mr. Bazemore entered a plea of guilty to Count 4, sex trafficking of children by force, fraud, or coercion, pursuant to a plea agreement. The plea was entered with the understanding that the charge might be classified as a crime of violence, potentially affecting sentencing guidelines and other legal consequences.

Following this plea, Mr. Bazemore sought to withdraw his guilty plea, but his motion was denied by the court on September 22, 2020. Sentencing was postponed several times due to various requests from defense counsel and COVID-19 pandemic-related restrictions. On June 30, 2021, Mr. Bazemore was sentenced to 327 months of imprisonment, followed by five years of supervised release. All other charges against Mr. Bazemore were dismissed on the government's motion.

On July 6, 2021, Mr. Bazemore filed a notice of appeal from the judgment, which was subsequently transmitted to the U.S. Court of Appeals. The appeal raised, among other issues, the voluntariness of Mr. Bazemore's guilty plea and the question of whether 18 U.S.C. § 1591 constitutes a crime of violence under Second Circuit case law. This Section 2255 motion alleges violations of Mr. Bazemore's constitutional rights during the criminal proceedings, including ineffective assistance of counsel, involuntariness of his guilty plea, and errors regarding the classification of his offense as a crime of violence.

2

## II. GROUNDS FOR RELIEF

### 1. Ineffective Assistance of Counsel

Mr. Bazemore asserts that he received ineffective assistance of counsel in violation of the Sixth Amendment. The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established the standard for evaluating claims of ineffective assistance of counsel, requiring a showing that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. Counsel's performance is deficient if it falls below an objective standard of reasonableness, and prejudice exists if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

In this case, Mr. Bazemore's attorneys failed to provide adequate legal advice regarding the classification of his offense under 18 U.S.C. § 1591 as a crime of violence. During the evidentiary hearing on Mr. Bazemore's motion to withdraw his guilty plea, his attorneys testified that they advised him of the uncertainty surrounding whether sex trafficking under § 1591 is categorically a crime of violence. However, they failed to sufficiently explore this argument or inform Mr. Bazemore about how this classification could significantly impact his sentence.

A conviction under § 1591 does not necessarily include the use, attempted use, or threatened use of physical force, as required for a crime to qualify as a crime of violence under 18 U.S.C. § 16(a). By failing to raise this argument effectively, counsel's representation fell below the objective standard of reasonableness. The Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, cast doubt on the classification of many offenses as crimes of violence.

3

Despite the uncertainty in the law, Mr. Bazemore's counsel failed to appropriately challenge the government's assertion that § 1591 was a crime of violence. This failure left Mr. Bazemore unable to fully assess the consequences of his plea, thereby impacting his decision-making process.

Furthermore, other circuits have addressed similar issues concerning § 1591. In *United States v. Jackson*, 7 F.4th 261 (5th Cir. 2021), the Fifth Circuit held that sex trafficking of children under § 1591(a) does not categorically qualify as a crime of violence because it can be committed nonviolently, through fraudulent means. Likewise, in *United States v. Fuertes*, 805 F.3d 485, 499 (4th Cir. 2015), the Fourth Circuit found that § 1591 does not categorically qualify as a crime of violence under the categorical approach because it can be committed nonviolently. Counsel's failure to present these arguments and case law during the proceedings underscores the deficiency in representation. This failure prejudiced Mr. Bazemore, as there is a reasonable probability that he would not have pled guilty had he been fully informed of the legal challenges surrounding the classification of his offense.

## 2. Involuntariness of the Guilty Plea

Mr. Bazemore's plea was not entered knowingly and voluntarily due to the ineffective assistance of counsel. The Second Circuit has repeatedly emphasized the importance of a defendant's full understanding of the consequences of a guilty plea. In *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016), the court held that a plea must be entered voluntarily, with a full understanding of the nature of the charges and the potential consequences. A plea that is the result of misinformation or lack of understanding is invalid.

4

In this case, Mr. Bazemore's counsel misled him regarding the legal ramifications of pleading guilty to an offense under § 1591. Specifically, counsel failed to properly address the uncertainty surrounding whether § 1591 qualifies as a crime of violence. They also failed to explain how this classification could affect his sentence, including potential sentence enhancements and limitations on post-conviction relief options. During the plea colloquy, Mr. Bazemore was under the impression that his conviction for sex trafficking would likely be treated as a crime of violence, without being fully informed of the nuances and existing case law that might argue otherwise. This lack of proper advisement directly impacted the voluntariness of his plea.

Moreover, the failure of counsel to address the potential implications of the Supreme Court's ruling in *Davis* further exacerbates this issue. In *Davis*, the Supreme Court invalidated the residual clause of § 924(c)(3)(B), calling into question the classification of many offenses as crimes of violence. Despite this, counsel did not adequately advise Mr. Bazemore on how this ruling could affect the classification of § 1591 offenses or the potential sentencing implications. As a result, Mr. Bazemore did not have a complete understanding of the legal risks associated with his plea. Had he been fully informed, there is a reasonable probability that he would have chosen to go to trial or negotiate a different plea agreement. Thus, his plea was not entered knowingly and voluntarily, in violation of his Fifth Amendment rights.

### 3. Misclassification of 18 U.S.C. § 1591 as a Crime of Violence

The question of whether 18 U.S.C. § 1591 constitutes a crime of violence under Second Circuit law is crucial. Courts typically use the categorical approach to determine whether an offense qualifies as a crime of violence, focusing on the

5

statutory elements of the offense rather than the specific facts of the case (*United States v. Johnson*, 576 U.S. 591, 596 (2015); *United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021)). Under this approach, a court looks to the minimum conduct criminalized by the statute to determine if it necessarily involves the use, attempted use, or threatened use of physical force.

Under § 1591, a defendant may be convicted of sex trafficking of children or by force, fraud, or coercion. The statute criminalizes conduct such as recruiting, enticing, harboring, transporting, or obtaining individuals for commercial sex acts, with knowledge that force, threats, fraud, or coercion will be used, or that the individual is a minor. However, this offense does not inherently require the use or threatened use of physical force. As the Fifth Circuit held in *United States v. Jackson*, the fact that § 1591 can be violated through fraudulent means indicates that it does not necessarily involve physical force, thereby failing to qualify categorically as a crime of violence under § 16(a).

Similarly, the Second Circuit's analysis in *United States v. Castillo*, 36 F.4th 431 (2d Cir. 2022), provides guidance on how offenses are classified as crimes of violence. The court emphasized that for an offense to be classified as a crime of violence, the statute must include as an element the use, attempted use, or threatened use of physical force. Offenses that can be committed through nonviolent means, such as fraud or coercion, generally do not meet this standard. The categorical approach requires courts to consider the "least of the acts" criminalized by the statute. Thus, if an offense can be committed without the use of physical force, it cannot be categorically considered a crime of violence. This reasoning applies to Mr. Bazemore's conviction under § 1591, where the offense can be committed through nonviolent means such as fraud, rendering it inappropriate to classify the offense as a crime of violence.

6

## III. CONCLUSION

For the reasons stated above, Defendant William Bazemore respectfully requests that this Court grant his motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Specifically, Mr. Bazemore seeks an order vacating his conviction on Count 4, allowing him to withdraw his guilty plea, and granting such other relief as the Court deems just and proper.

**Respectfully submitted,**

William Bazemore, Reg. No. 86611-054

FCI-Hazelton, P.O. Box 5000

Bruceton Mills, WV 26525

7

# UNITED STATES
# POSTAL SERVICE ®

# PRIORITY®
## MAIL


USPS
SDNY

PRIORITY MAIL
POSTAGE REQUIRED

te specified for domestic use.

include $100 of insurance (restrictions apply).

ce included for domestic and many international destinations.

insurance.

nally, a customs declaration form is required.

rtain items. For details
.com.

ual at http://pe.usps.c

ENVELO
ND INTERNAT



**UNITED STATES POSTAL SERVICE.**    *Retail*

**P**    US POSTAGE PAID
**$14.15**    Origin: 14240
10/03/24
3510310241-23

**PRIORITY MAIL®**

0 Lb 3.90 Oz
**RDC 03**

EXPECTED DELIVERY DAY:  10/07/24

C099

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

**USPS SIGNATURE® TRACKING #**

9510 8112 5413 4277 8959 56

EP14 July 2022
OD: 15 x 11.625

# PRIORITY
## ★ MAIL ★

UNITED STATES
POSTAL SERVICE ®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Second Chance 4 R.E.A.L.
Tommy Walker
*Certified Paralegal*
Ph: (716) 348-9861
2ndChance4r.e.a.l@gmail.com
P.O. Box 514  ·  Buffalo, NY 14215-0514

TO: Clerk of the Court
500 Pearl Street
New York, N.Y. 10007

RECEIVED
OCT - 8 2024

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

# VISIT US AT USPS.COM®
## ORDER FREE SUPPLIES ONLINE

DuPont™ Tyvek®