| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __5/20/2025__ |

UNITED STATES OF AMERICA

-against-

WILLIAM BAZEMORE,

                      Defendant.

WILLIAM BAZEMORE,

                      Petitioner,

-against-

UNITED STATES OF AMERICA,

                      Respondent.

19 Cr. 6-1 (AT)

24 Civ. 7953 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant *pro se*, William Bazemore, moves to vacate his sentence under 28 U.S.C. § 2255. Mot., ECF No. 238.[1] For the reasons stated below, his motion is denied.

## BACKGROUND

    On January 3, 2019, Bazemore was indicted on six counts relating to his role in a drug- and sex-trafficking enterprise. ECF No. 4. On October 28, Bazemore pleaded guilty to Count Four, sex trafficking in violation of 18 U.S.C. § 1591(a) and (b)(1). *See* ECF No. 4 at 10–11; ECF No. 78 at 7:6–7, 28:9–16. In the written plea agreement, the parties stipulated that Bazemore qualifies as a career offender because, *inter alia*, sex trafficking is a "crime of violence" and Bazemore was previously convicted for gang assault in the second degree and attempted murder. ECF No. 244-3 at 2.

---

[1] ECF citations are to the docket in 19 Cr. 6-1.

Almost immediately after Bazemore pleaded guilty, the Court received a letter, dated five days earlier, in which Bazemore stated that his attorneys were working against him. ECF No. 84 at 2:17–3:13. The Court held a conference, during which Bazemore expressed that he "felt like [he] was forced into the plea" because he felt "a little intimidated" and requested new counsel. *Id.* at 6:5–19, 7:7–10. The Court appointed new counsel, *id.* at 8:5–9:11, and by letter dated November 6, Bazemore's new attorney informed the Court that Bazemore did not wish to withdraw his guilty plea, ECF No. 74.

On July 9, 2020, the Court received another letter from Bazemore, this one dated June 24. ECF No. 244-1. In it, Bazemore stated that his present and former counsel had conspired against him and misled him about his plea agreement by telling him that the crime he was admitting to was "not a crime of violence[] or a drug[-]related crime." *Id.* at 2. He requested to withdraw his plea, claiming that there was "no way that [he] would have taken this plea without being coerced the way that [he] was." *Id.* After hearing from Bazemore and his then-attorney, the Court appointed new counsel for the limited purpose of representing Bazemore at a hearing to investigate his claims concerning the voluntariness of his plea agreement. ECF No. 138; ECF No. 152 at 1; ECF No. 214 at 3:14–24; ECF No. 218 at 15:19–24, 16:24–17:7. At the hearing, the Court heard testimony from Bazemore and the two attorneys who represented him when he pleaded guilty. *See generally* ECF No. 246. After finding Bazemore's testimony not credible, the Court denied his motion to withdraw his plea. *Id.* at 23:2–5, 15–17.

By letter dated June 9, 2021, Bazemore again moved to withdraw his guilty plea. ECF No. 184. The Court denied his motion, which raised no new grounds for withdrawal, and sentenced him to a Guidelines sentence of 327 months' imprisonment. ECF No. 216 at 3:21–22, 5:11–12,

2

30:23–24; ECF No. 189.  The Second Circuit upheld Bazemore's conviction, determining that the Court did not abuse its discretion in denying his motion to withdraw his guilty plea, *United States v. Bazemore*, No. 21-1779, 2023 WL 2591020, at *2 (2d Cir. Mar. 22, 2023) (summary order), and the Supreme Court denied certiorari, *Bazemore v. United States*, 144 S. Ct. 304 (2023) (mem.).

Bazemore now moves for relief under 28 U.S.C. § 2255.  Mot.; Add., ECF No. 243; *see also* Opp., ECF No. 244; Reply, ECF No. 245.

## LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have stablished rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (citation omitted).

First, the "mandate rule" prevents a defendant from relitigating an issue already decided on direct appeal.  *Id.*  The rule applies not only to issues "expressly decided" by the appeals court, but also to matters the appeals court "impliedly resolved."  *Id.*  Second, a defendant may not use a § 2255 motion to raise a claim that could have been brought on direct appeal, but was not, unless he can "show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error."  *Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993).  However, because a defendant should not have to raise an issue "before there has been an opportunity to fully develop the factual predicate for the claim," a § 2255 movant may raise an ineffective-assistance-of-counsel claim on collateral review regardless of whether it could have been brought on direct appeal, unless the claim

is barred by the mandate rule. *Yick Man Mui*, 614 F.3d at 54, 57 (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

## DISCUSSION

Bazemore argues that his conviction and sentence should be vacated because his guilty plea was not knowing and voluntary; his crime of conviction, sex trafficking in violation of 18 U.S.C. § 1591(a) and (b)(1), does not qualify as a crime of violence under the U.S. Sentencing Guidelines; and his attorneys failed to provide him adequate legal advice concerning the classification of his offense as a crime of violence or to properly raise the issue before the Court. *See generally* Mot.; Add. Because Bazemore is proceeding *pro se*, the Court construes his submissions "liberally" and interprets them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

I. <u>Knowing and Voluntary Plea</u>

Bazemore contends that his plea "was not entered knowingly and voluntarily" because his counsel "failed to properly address the uncertainty surrounding whether § 1591 qualifies as a crime of violence" and "failed to explain how this classification could affect his sentence." Mot. at 4–5.[2]

Bazemore's claim is blocked by the mandate rule. On direct appeal of his conviction, Bazemore argued that his plea was not knowing and voluntary "because his counsel misled him

---

[2] Bazemore also contends that his counsel failed to inform the Government that one of his past felony offenses was not a crime of violence and failed to inform him that "the option to appeal existed," both of which hampered his ability to properly negotiate a plea agreement. Add. at 1–2. These claims fail on the merits. First, there is no indication that the felony offense Bazemore references, gang assault in the second degree in violation of New York Penal Law § 120.06, is not a crime of violence; the caselaw he cites in opposition holds only that *attempted* second-degree gang assault, a legally impossible crime, lacks an element that constitutes the use, attempted use, or threatened use of physical force. *United States v. Castillo*, 36 F.4th 431, 441 (2d Cir. 2022). Second, during his plea colloquy, Bazemore affirmed that he understood that, if he were convicted at trial, he would have the right to appeal, ECF No. 78 at 10:11–14, so even if his counsel did not discuss his appeal rights with him, Bazemore's plea would still be knowing and voluntary.

4

about whether he could potentially argue that a sex trafficking offense under 18 U.S.C. § 1591 is not categorically a crime of violence." *Bazemore*, 2023 WL 2591020, at *1 (citation omitted). The Second Circuit recounted how this Court held a hearing on that very issue and discerned no error in the Court's finding that Bazemore's attorneys adequately advised him about whether § 1591 constitutes a crime of violence. *Id.* at *1–2. Bazemore cannot now relitigate that same claim on collateral review.

Even if the Court were to reach the merits of Bazemore's claim, it would fail. To succeed on a claim that a guilty plea was involuntary or unknowing due to ineffective assistance of counsel, a § 2255 movant must demonstrate, first, that "counsel's representation fell below an objective standard of reasonableness," and second, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)); *see Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984).

As the Court previously found, Bazemore's attorneys negotiated with the Government, which ultimately provided Bazemore with two offers. ECF No. 246 at 16:18–17:4, 19:25–20:21. Bazemore could plead guilty to a non–sex trafficking charge and allocute to having engaged in sex trafficking. *Id.* Alternatively, Bazemore could plead guilty to sex trafficking, which the Government, pursuant to the plea agreement, defined as a crime of violence. *Id.* at 16:18–17:4, 21:2–8. Bazemore's attorneys discussed these options with him and explained that, although uncertainty existed concerning whether § 1591 constitutes a crime of violence, it was unclear how the issue could be raised, and Bazemore should not base any decision on that uncertainty. *Id.* at 17:5–17, 18:10–19, 21:2–8. Counsel advised Bazemore that they believed the Court would impose

5

similar sentences under either plea but expressed that he could possibly do better under the sex trafficking plea, so he chose to proceed under that agreement. *Id.* at 17:13–17, 20:9–15. To the extent that Bazemore disputes his counsel's testimony, the Court finds Bazemore's contentions not credible, especially considering his sworn statements at his change-of-plea hearing that he understood the consequences of pleading guilty and was entering his guilty plea of his own free will. ECF No. 78 at 8:8–13, 19:4–25, 22:12–23:18.

Accordingly, and as before, the Court finds that Bazemore's plea was knowing and voluntary.

## II. Sentencing as a Career Offender

Bazemore next argues that he should not have been classified as a career offender for purposes of sentencing because neither his offense of conviction, sex trafficking in violation of 18 U.S.C. § 1591, nor one of his predicate felony offenses, gang assault in the second degree in violation of New York Penal Law § 120.06, qualifies as a crime of violence. *See* Mot. at 5–6; Add. at 1–2. He further faults his counsel for not adequately raising this issue before the Court. Mot. at 3–4; Reply at 3–4.

The U.S. Sentencing Guidelines contain a career offender enhancement that applies when (1) a defendant was at least eighteen when he committed the crime of conviction, (2) the crime of conviction is a felony that is a crime of violence, and (3) the defendant has at least two prior felony convictions for crimes of violence. U.S.S.G. § 4B1.1(a). As relevant here, a "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a)(1).

Usually, to determine whether a federal or state crime qualifies as a crime of violence under the Guidelines, courts employ what is known as the categorical approach, a method that involves evaluating the minimum criminal conduct a defendant must have committed to be convicted of the offense in question and determining whether that minimum conduct "has as an element the use, attempted use, or threatened use of physical force." *United States v. Moore*, 916 F.2d 231, 240 (2d Cir. 2019) (quoting U.S.S.G. § 4B1.2(a)(1)); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990).

The Court need not undertake this analysis with respect to either 18 U.S.C. § 1591 or New York Penal Law § 120.06, however, because Bazemore validly waived his right to appeal his sentence. The law in this Circuit is clear that a defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction or sentence is enforceable. *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016); *see United States v. Gomez-Perez*, 215 F.3d 315, 320 (2d Cir. 2000) (noting that the Second Circuit has upheld waivers "even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement"). In the plea agreement between Bazemore and the Government, which the Court finds to be knowing and voluntary, Bazemore agreed not to file a direct appeal or bring a collateral challenge to "any sentence within or below the Stipulated Guidelines Range of 262 to 327 months' imprisonment." ECF No. 244-3 at 5. Bazemore was sentenced to 327 months' imprisonment, the top end of that range. ECF No. 189. The Court, therefore, shall not consider the merits of his collateral challenge. *See Sanford*, 841 F.3d at 581; *cf. Negron v. United States*, 520 F. Supp. 3d 296, 302 (E.D.N.Y. 2021) (declining to enforce waiver of appeal rights when a movant "is not challenging his sentence but rather the constitutionality of his

underlying conviction"). The same reasoning holds for those claims couched in terms of ineffective assistance of counsel at sentencing and on appeal, a category of claim expressly not waived under the plea agreement. ECF No. 244-3 at 5; *see United States v. Williams*, 448 F. App'x 156, 157 (2d Cir. 2012) ("A defendant may not 'dress up' a challenge to the correctness of his sentence as a Sixth Amendment claim for ineffective assistance of counsel by arguing the deficiency of his counsel's performance 'not at the time of the plea, but at sentencing.'" (quoting *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998))).

## CONCLUSION

For the foregoing reasons, Bazemore's motion to vacate his sentence is DENIED. Because Bazemore has not "made a substantial showing of the denial of a constitutional right," the Court shall not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013). Furthermore, appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of an appeal. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 238 and to mail a copy of this order to Defendant *pro se*.

SO ORDERED.

Dated: May 20, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge